IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INACOM CORP. et al., | ) | Case No. 00-2426 (PJW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |
| INACOM CORP. | ) | |
| | ) | Civil Action No. 04-592 (GMS)[1] |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEXTEL COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## SETTLEMENT STIPULATION

This SETTLEMENT STIPULATION (the "Stipulation") is made as of this 5th day of July, 2005, between plaintiff, Inacom Corp., acting on behalf of all of its affiliated debtors ("Plaintiff" or "Debtor") and defendant Nextel Communications, Inc. ("Defendant" or "Nextel").

## RECITALS

WHEREAS, on June 16, 2000 (the "Petition Date"), Plaintiff and its affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, where their cases were jointly administered;

WHEREAS, on May 23, 2003, the Chapter 11 liquidating plan of the Debtors was confirmed by the Bankruptcy Court;

---

[1] Formerly Adv. Pro. No. 02-03614.

1133899/2

WHEREAS, on May 30, 2002, the Plaintiff filed a complaint against Defendant commencing this action (the "Preference Action"), seeking to avoid and recover allegedly preferential transfers in the total amount of $269,746.11;

WHEREAS, on August 15, 2002, Defendant filed an answer to the complaint, and asserted additional defenses thereto;

WHEREAS, apart from this preference action, Defendant has filed a pre-petition general unsecured claim against the Debtor as well as a post-petition administrative claim;

WHEREAS, the Plaintiff and Defendant have engaged in settlement discussions and negotiations concerning the preference claim and wish to amicably resolve, settle and compromise the preference claim as provided in this Stipulation, without prejudice to their respective claims and defenses in matters other than this Preference Action; and

WHEREAS, the Plaintiff has concluded in its business judgment that the parties should resolve this Preference Action in the manner indicated below;

NOW, THEREFORE, in consideration of the mutual covenants of the parties, and intending to be legally bound hereby, it is agreed as follows:

1.  In consideration of this Stipulation, immediately upon the Effective Date (as defined herein), Defendant shall pay to the Plaintiff $8,873.05 (the "Settlement Amount") by check in full settlement and satisfaction of the Preference Action and the claims asserted in the Preference Action, and in full settlement and satisfaction of any other preference or other transfer avoidance claims that could have been asserted by the Plaintiff or the Debtors' estate against Defendant.

2.  The parties acknowledge that this settlement is a compromise of a disputed claim. Defendant does not acknowledge any liability on the claims asserted in the Preference Action,

and nothing in this Stipulation shall constitute an admission of liability or acknowledgement of any defense, all of which are denied. Nothing herein shall prejudice Defendant's other claims against the Debtor nor shall anything herein prejudice any of the defenses Defendant has to any claims that the Debtor may bring against Nextel in the future.

3. Pursuant to the Order For Motion of Debtors For Entry of An Order Authorizing And Approving Omnibus Procedure For Settling Certain Claims And Causes Of Action Brought By The Debtors In A Judicial, Administrative, Arbitral Or Other Action or Proceeding (the "Omnibus Order"), the Debtor was vested with the authority to recover preference payments or otherwise settle or compromise certain preference claims, without any further Bankruptcy Court approval required.

4. The Debtor represents that all necessary approvals of this settlement have been obtained.

5. This Stipulation may not be altered, modified, terminated nor may its provisions be waived except by a written agreement signed by both Defendant and the Plaintiff.

6. The Bankruptcy Court shall retain jurisdiction over the subject matter of this Stipulation to resolve all disputes relating thereto and to enforce the settlement set forth herein.

7. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original.

IN WITNESS WHEREOF, the parties hereto have executed this Stipulation as of the date and year first written below.

| | |
|---|---|
| PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. | MORRIS, JAMES, HITCHENS & WILLIAMS LLP |

Laura Davis Jones, Esquire (ID # 2436)
Sandra G. McLamb, Esquire (ID # 4283)
919 North Market Street, 16th Floor
Wilmington, Delaware 19899
Telephone: (302) 778-6401

and

Steven Kahn, Esquire
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (310) 277-6910
Email: skahn@pszyjw.com

Attorneys for plaintiff Inacom Corp.

Brett D. Fallon, Esquire (ID # 2480)
Douglas N. Candeub, Esquire (#4211)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
E-Mail: bfallon@morrisjames.com
E-mail: dcandeub@morrisjames.com

Attorneys for Nextel Communications, Inc.

1133899/2